UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 20 CR 111-10 |
| v. ) | |
| ) | Honorable Virginia M. Kendall |
| EUGENE DELGIUDICE ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits its position paper as to the factors in sentencing. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of probation which includes as one of its conditions a period of between 6 and 12 months of home detention. Such a sentence which will be sufficient but not greater than necessary to satisfy the principles set forth in the Sentencing Guidelines and in 18 U.S.C. § 3553(a).

**I.   Background**

Defendant played an integral role in a multimillion dollar illegal gambling business. Defendant's primary role was that of a "runner" – at his son's direction, he would pick up and deliver large sums of cash, which represented gamblers' winnings and losses. As described in the plea agreement, the gambling business generated millions of dollars in profits and operated for a number of years, and defendant played a prominent role throughout.

1

## II. Presentence Investigation Report

The government has no objections or corrections to the Presentence Investigation Report, and agrees with the offense level, criminal history, and advisory Guidelines calculations contained within. The government agrees that the offense level after accounting for acceptance of responsibility is 10 (PSR ¶ 36), and that the defendant falls into criminal history category I (PSR ¶ 44). Accordingly, the advisory guidelines range is 6-12 months of imprisonment, which can be satisfied by a term of probation that substitutes home detention for imprisonment. PSR ¶ 85.

## III. The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Guidelines Sentence of Probation and Home Detention

### A. The Nature and Circumstances of the Offense

Defendant's crime is serious. Over a period of years, defendant participated in and facilitated a massive online gambling operation. That operation utilized agents and subagents to coordinate the wagers of approximately 1000 bettors, and generated millions of dollars in proceeds on an annual basis. In order to evade detection by law enforcement, the gambling operation used overseas coconspirators, encrypted communications tools, and engaged in significant money laundering. Defendant's role was that of a runner, picking up and delivering proceeds that represented gambling winnings and losses. Defendant was sometimes paid or "tipped" in cash for these services.

This was not a victimless crime. As the government noted in its Version of the Offense, lives have been destroyed. Defendant, along with his co-defendants, preyed

on vulnerable individuals, many of whom were hopelessly addicted to gambling. The government has met with victims whose careers, marriages, family life, and lives were jeopardized and harmed by their affiliation with the gambling enterprise.

As just one example, the government interviewed a victim who described how as he fell behind in paying his debts, the agent to whom he owed money threatened to come to a wedding that the victim was attending. The victim was not aware of how the agent even knew about the wedding, and interpreted the agent's statements as a threat to physically harm him. On another occasion, this same victim described how he could not pay his gambling debts because his wife had fallen ill and was hospitalized; as a result, he asked for additional time to pay his debts. In response, the agent began sending the victim pictures of his ill wife's social media feed, which the victim understood to be a threat that the agent would disclose the victim's gambling habit to his wife if he did not promptly pay. Ultimately, this victim embezzled money from his employer in order to feed his gambling habit, and has since been federally charged in another district for his own crimes. Clearly, this victim's association with the illegal gambling business created not only significant problems in his own life and for his own family, but has now resulted in his embezzling from his employer, thereby negatively impacting additional victims. That is just one gambler's story, and there are undoubtedly many more like it. In reciting these facts, the government does not suggest that defendant was personally involved in pressuring individuals to gamble or to pay their losses. But, through his actions,

defendant assisted the criminal venture in preying upon the gambling enterprise's many victims.

      B.    <u>The History and Characteristics of the Defendant</u>

At the outset, the government would note that defendant has a prior guilty disposition for a 1996 gambling offense, for which he was sentenced to court supervision. PSR ¶ 43. In the government's view, that is a significant aggravating factor, as defendant's prior contact with the criminal justice system for substantively the same conduct involved in the instant offense did not adequately deter him.

On the other hand, the government acknowledges that there are a number of mitigating factors at play. The defendant's age and physical condition suggest that he is unlikely to recidivate. In particular, defendant's physical ailments, detailed at length in Presentence Investigation Report, also suggest that, in light of the COVID-19 pandemic, a custodial sentence places defendant at a high risk of severe illness or death should he contract the virus. The government would also note that it has rarely seen the quantity and quality of character letters that have been submitted in defendant's support. Aside from his involvement in his son's illegal gambling business, defendant has lived a largely law-abiding life in which he has been a productive and contributing member of society. The letters submitted in his support also make it clear that defendant has made a positive impact on the lives of many family members, friends, and others in the community. On balance, defendant's history and characteristics are a significant mitigating factor.

C. <u>The Seriousness of the Offense, and the Need to Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public</u>

Defendant's conduct is serious, and must be sanctioned. In the government's view, however, a probationary sentence which includes a period of home detention is sufficient but not greater than necessary. According to the Sentencing Guidelines, if the applicable guideline range is in Zone B, as is the case here, probation is an alternative to incarceration, so long as the conditions of probation "can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for the law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant." U.S.S.G. §5B1.1 (Introductory Commentary). A custodial sentence would be unduly harsh in light of defendant's age and health, the uncertainties created by the COVID-19 pandemic, the non-violent nature of the offense, and defendant's various mitigating factors. A period of home detention, however, should be included as a condition of defendant's probation, particularly in light of the size, scope, and duration of the gambling conspiracy; defendant's role in it; the repetitive nature of the offense, in that defendant completed many acts in furtherance of the conspiracy over a period of years; and defendant's prior sentence of supervision for another gambling offense. In balancing all of these factors, the government believes that an appropriate sentence is between one and five years' probation, subject to the conditions delineated below, including a period of between 6 and 12 months' home detention, and a fine of $4,000.

## V. Conditions of Probation

The government agrees with the conditions of probation proposed by the Probation Department. In light of the history and characteristics of Defendant, his offense conduct, and the purposes of sentencing as reflected in 18 U.S.C. §§ 3553 and 3563, the government respectfully requests that Defendant be required to comply with the following conditions of probation.

### A. Mandatory Conditions of Probation

The government agrees with the Probation Department that the following conditions should be imposed because they are mandated by Title 18, United States Code, Section 3563(a), and by Sentencing Guidelines Section 5B1.3(a)[1]:

1. Defendant shall not commit another federal, state, or local crime.

3. Defendant shall not unlawfully possess a controlled substance.

7. Defendant shall notify the court of any material change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments.

9. Defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

10. If a fine is imposed, defendant shall pay the fine or adhere to the court-established schedule.

---

1 The government agrees that mandatory condition #2, requiring the defendant to make restitution, work in community service, or both, is not appropriate because extraordinary conditions exist that would make such a condition plainly unreasonable, namely the defendant's health, and because the government is recommending that a fine be imposed.

**B.     Discretionary Conditions of Probation**

The government agrees with the Probation Department that the following discretionary conditions should be imposed as a part of any term of probation imposed by the Court because these conditions support Defendant's rehabilitation and help reduce his risk of recidivism:

6.  Defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity. Specifically, defendant shall not knowingly meet or communicate with codefendants Matthew Knight, Justin Hines, Keith D. Benson, Todd Blanken, Nicholas Stella, Matthew Namoff, Casey Urlacher, and Vasilios Prassas.

7.  Defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08).

8.  Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

The government agrees with the Probation Department that the following discretionary conditions should be imposed as a part of any term of probation imposed by the Court because these conditions help the Probation Department supervise Defendant, which in turn encourages Defendant's compliance with the law and deters him from committing future crimes:

14. Defendant shall remain within the jurisdiction where the defendant is

being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

15. Defendant shall report to a probation officer as directed by the court or a probation officer.

16. Defendant shall permit a probation officer to visit him at any reasonable time, including at home, or at any other reasonable location specified by a probation officer. In addition, Defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

17. Defendant shall notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. Defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

18. Defendant shall notify a probation officer within 72 hours, if arrested, charged with a crime, or questioned by a law enforcement officer.

19. Defendant shall serve a period of home detention for a period of time designated by the Court (the government's recommendation is between 6 and 12 months). During this time, defendant is restricted to his

residence at all times except for employment; education; religious services; medical (personal and those of his spouse); substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer. Defendant's compliance with this condition, as well as other court-imposed conditions of supervision, shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and defendant shall abide by all technology requirements. In addition, defendant shall pay all or part of the cost of the location monitoring, at the daily contractual rate, if he is financially able to do so.

22. Defendant shall satisfy other special conditions as recommended below.

**C. Special Conditions of Probation**

The government agrees with the Probation Department that the following special conditions should be imposed as a part of any term of probation imposed by the Court because these conditions help ensure that Defendant is engaged in responsible financial behavior, consistent with his need to meet any financial obligations ordered as part of his sentence, including payment of any fine that may be imposed:

5. Defendant shall not incur new credit card charges or open additional lines of credit without the approval of a probation officer unless he is in

9

compliance with the financial obligations imposed by this judgment.

6. Defendant shall provide a probation officer with access to any requested financial information necessary to monitor compliance with conditions of probation.

7. Defendant shall, within 72 hour of any significant change in his economic circumstances that might affect his ability to pay restitution, fines, or special assessments, notify the probation officer of the change.

The government agrees with the Probation Department that the following special condition should be imposed as a part of any term of probation imposed by the Court because it assists the Probation Department in monitoring Defendant, and also makes Defendant less likely to recidivate:

11. Defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

## Conclusion

The goal of sentencing is to achieve a sentence that is "sufficient but not greater than necessary." The Sentencing Guidelines advise this Court to impose a sentence of between 6 and 12 months of imprisonment, which can also be satisfied by a term of probation which includes a condition of home detention as a substitute for incarceration. The government's recommended sentence of a period of probation within the guidelines range of one to five years, to include a period of home detention

of between 6 and 12 months, balances the seriousness of the crime and the factors in aggravation against defendant's age, health, and other mitigating factors. On balance, such a sentence is sufficient, but not greater than necessary, to appropriately account for the 3553 factors and to comport with the principles of sentencing. For the foregoing reasons, the United States respectfully requests that the Court sentence defendant EUGENE DELGIUDICE as stated above.

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:   /s/ Ankur Srivastava
    ANKUR SRIVASTAVA
    TERRY KINNEY
    Assistant United States Attorneys
    219 South Dearborn Street, 5th Floor
    Chicago, Illinois 60604

Dated:   October 5, 2020